**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMBER LANPHERE and PAUL M. MATHESON, individually, and on behalf of others similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CHAD WRIGHT, Puyallup Tribe Tax Department, Enforcement Officer, and the PUYALLUP INDIAN TRIBE, a recognized American Indian Tribe,<br><br>Defendants - Appellees. | No. 09-36035<br><br>D.C. No. CV-09-05462-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted July 13, 2010[**]
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiffs Amber Lanphere and Paul Matheson appeal the district court's order dismissing, for failure to exhaust tribal remedies, this action against Defendants Puyallup Indian Tribe and Chad Wright, head of the Puyallup Tribal Tax Department, concerning the imposition by the Tribe of certain cigarette taxes on non-Indians.  Reviewing de novo, Boozer v. Wilder, 381 F.3d 931, 934 (9th Cir. 2004), we affirm.

Plaintiffs correctly state that exhaustion of tribal court remedies is not required "when it is 'plain' that tribal court jurisdiction is lacking, so that the exhaustion requirement 'would serve no purpose other than delay.'"  Elliott v. White Mountain Apache Tribal Court, 566 F.3d 842, 847 (9th Cir.) (quoting Nevada v. Hicks, 533 U.S. 353, 369 (2001)), cert. denied, 130 S. Ct. 624 (2009). The district court correctly held, however, that tribal court "jurisdiction is 'colorable' or 'plausible,'" and, therefore, that tribal court jurisdiction is not plainly lacking.  Id. at 848 (internal quotation marks omitted).  Plaintiffs voluntarily availed themselves of the tribal court's jurisdiction by filing these same claims before that tribunal.  See Smith v. Salish Kootenai Coll., 434 F.3d 1127, 1140 (9th Cir. 2006) (en banc) ("We hold that a nonmember who knowingly enters tribal courts for the purpose of filing suit against a tribal member has, by the act of filing his claims, entered into a 'consensual relationship' with the tribe within the

2

meaning of <u>Montana [v. United States</u>, 450 U.S. 544 (1981)]."). Additionally, Plaintiffs voluntarily engaged in commercial activities—the purchase and sale of cigarettes—on tribal lands. <u>See</u> <u>Montana</u>, 450 U.S. at 565 (holding that tribal courts have jurisdiction over nonmembers who enter into commercial dealings on the reservation with the tribe or its members). For those reasons, tribal court jurisdiction is plausible, and exhaustion of tribal court remedies is required. (At this stage of the proceedings, we need not, and do not, decide definitively whether the tribal courts have jurisdiction.)

We reject Plaintiffs' other contentions.

**AFFIRMED**.